**Ickes v. Ickes**

*Sheryl Jackson,* for plaintiff.
*Matthew R. Battersby,* for defendant.

KUHN, *J.*, August 24, 1989 — Plaintiff and defendant were married on January 10, 1989, and resided at 244 Lane Avenue, Gettysburg, Pennsylvania. On June 26, 1989, plaintiff filed a petition for emergency relief from abuse against defendant. The emergency order was continued by the undersigned pending a plenary hearing on July 5, 1989.

At hearing plaintiff established the following facts. On June 24, 1989, the parties were visiting defendant's brother. Defendant was drinking to the point of intoxication. At approximately 10:00 p.m., while en route home on Route 15 bypass, defendant began arguing with plaintiff, who was driving. On three occassions while travelling 20 to 30 miles per hour, defendant grabbed the steering wheel, pulled the car out of gear, and attempted to pull the car to the side of the road. Defendant stated that when he got plaintiff home he was going to burn down their trailer with her inside. Plaintiff was afraid of injury resulting from defendant's behavior.

Plaintiff also stated that ever since defendant's probation terminated two and one-half months prior to this incident, she was afraid of him when he was drinking heavily. Defendant was on probation for assault.

The issue for resolution is whether the above-described circumstances constitute abuse pursuant to 35 P.S. §10182(ii) which defines abuse, inter alia, as,

"(ii) Placing by physical menace another in fear of imminent serious bodily injury."

Although the goal of the Protection From Abuse Act is not retrospective punishment but rather advance prevention of physical abuse, *Eichenlaub v. Eichenlaub*, 340 Pa. Super. 552, 560, 490 A.2d 918, 922 (1985), terms not otherwise defined by the act have the meaning given them by the Crimes Code.

35 P.S. §10182. "Serious bodily injury" is defined in section 2301 of the Crimes Code as impairment of a physical condition or substantial pain which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

"Physical menace" is not defined in either the Crimes Code or the Protection From Abuse Act, therefore, that term shall be given its common and approved usage. 1 Pa.C.S. §1903. A "menace" is a threat. Webster's New Collegiate Dictionary; Black's Law Dictionary (rev. 4th ed.). A physical menace therefore would be a physical threat as opposed to a verbal threat directed toward a victim.

Furthermore, the Protection From Abuse Act does not define the minimum mens rea required for an act of abuse under 35 P.S. §10182(ii). However, based upon the liberal construction by which we must interpret the act, 1 Pa.C.S. §1928(b), and the statutory direction to seek assistance from the Crimes Code in defining terms, we conclude that the requisite mens rea should be the same as set forth in the Crimes Code.

The definition of abuse set forth above is nearly identical to one of the definitions of simple assault in the Crimes Code, wherein,

"A person is guilty of assault if he:

"(3) Attempts by physical menace to put another in fear of imminent serious bodily injury." 18 Pa.C.S. §2701(3).

No specific mens rea or level of culpability is established in this section of the Crimes Code, therefore, section 302(c) of the code provides that,

"(c) *Culpability required unless otherwise provided* — When the culpability sufficient to establish a material element of an offense is not prescribed by

law, such element is established if a person acts intentionally, knowingly or recklessly with respect thereto."

A person acts "recklessly,"

"[W]hen he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation." 18 Pa.C.S. §302(b)(3).

Applying the above principles to the case sub judice we have no difficulty in concluding that defendant's actions on June 24, 1989, constituted "abuse" as defined by the Protection From Abuse Act. Defendant acted recklessly under the circumstances in disregarding a substantial and unjustifiable risk that grabbing the steering wheel of an automobile traveling on a public highway and attempting to pull that vehicle off the road while intoxicated and in the heat of an argument would place plaintiff by physical menace in fear of serious bodily injury. Because the inquiry focuses on the fear generated in plaintiff and not any actual injury inflicted, we conclude that, in this context, defendant's action constituted a physical menace just as real as if he were wielding a knife or club. Certainly plaintiff was justified in believing that if the car left the highway out of control and struck a pole, tree or similar object that disfigurement or impairment of a bodily member could result.

Accordingly, this date we enter a final order granting plaintiff relief under the Protection From Abuse Act.